# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1344

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Jorge Leyva, also known as Jorge | * | |
| Leyva Hernandez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 7, 2006
Filed: March 13, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jorge Leyva appeals the 90-month prison sentence the district court[*] imposed after Leyva pleaded guilty to a drug-conspiracy charge. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Construing the Anders brief as raising a challenge to the denial of a minor-role reduction under the advisory Guidelines, the argument fails. Leyva admittedly helped his co-conspirators hide a large quantity of drugs in the bumper of a car in which one of his co-conspirators transported the drugs for distribution. We conclude the district court's finding that Leyva's role in the drug conspiracy was not minor compared to his co-conspirators is not clearly erroneous. See U.S.S.G. § 3B1.2(b) & comment (n.5) (minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Johnson, 408 F.3d 535, 538-39 (8th Cir. 2005) (propriety of § 3B1.2 adjustment is determined by comparing acts of each participant in relation to relevant conduct for which participant is held accountable and by measuring each participant's individual acts and relative culpability against elements of offense); United States v. Bustos-Torres, 396 F.3d 935, 947-48 (8th Cir.) (district court's factual determination of defendant's role in offense may be reversed only if it is clearly erroneous, and it is defendant's burden to prove role reduction is warranted), cert. denied, 125 S. Ct. 2557 (2005) and 126 S. Ct. 203 (2005); United States v. Belitz, 141 F.3d 815, 818-19 (8th Cir. 1998) (defendant's voluntary and knowing storage of substantial amount of drugs was sufficient to preclude minor-role decrease).

Having carefully reviewed the record and finding no nonfrivolous issues, we affirm the district court's judgment, and grant counsel leave to withdraw.

_____